UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE PFIZER INC. SECURITIES                4-CV-9866-LTS-HBP
LITIGATION                                  5-MD-1688-LTS

-------------------------------------------------------

THIS DOCUMENT RELATES TO:
The Consolidated Securities Class Action

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

By Order dated May 21, 2014 (docket entry no. 660) (the "May 21 Order), the Court granted Defendants' motion <u>in limine</u> to preclude the testimony of Plaintiffs' damages expert, Dr. Daniel R. Fischel, because Dr. Fischel's proposed testimony failed to meet the standards established by Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 590 (1993). At a conference held on May 23, 2014, Plaintiffs requested permission to move to amend Dr. Fischel's report, and Defendants indicated that they wished to move for summary judgment. The Court set a simultaneous briefing schedule.

Familiarity with the prior proceedings in this case is presumed.

Both motions are now fully briefed, and the Court has considered thoroughly all of the parties' submissions and arguments. For the reasons stated below, Plaintiffs' motion to amend their expert disclosure is denied, and Defendants' motion for summary judgment is granted.

<u>Motion to Amend</u>

Plaintiffs essentially seek a further bite at the apple, after discovery, summary

judgment motion practice and a decision by this Court, after full briefing of the motion in limine, rejecting Plaintiffs' proffered and supplemental expert evidence. Their motion comes on the eve of the trial in this complex case, which is scheduled to commence on September 9, 2014. It is, in essence, a motion for reconsideration of the in limine decision. It identifies no factual information or precedents previously presented to and overlooked by the Court, nor does it purport to be based on newly discovered evidence. Rather, it purports to offer additional contextual and explanatory information that the expert had thought unnecessary to disclose during the initial and supplemental rounds of expert disclosures and depositions.

It is well settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation omitted). In determining whether to reconsider its in limine decision, the Court examines whether there is justification for the untimely disclosure of new material, the prejudicial effect of accepting or rejecting Plaintiffs' proposed amended supplemental report, and considerations of judicial economy. See Allen v. Dairy Farmers of Am., Inc., No. 09 Civ. 230, 2014 WL 2040133, at *5 (D. Vt. May 16, 2014); Lewis v. FMC Corp., 786 F. Supp. 2d 690, 705 (W.D.N.Y. 2011); Sandata Techs., Inc. v. Infocrossing, Inc., No. 05 Civ. 9546, 2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007). To allow an expert to supplement his report in order to "fill a significant and logical gap" in a previous report "would eviscerate the purpose of the expert disclosure rules," In re Point Productions, No. 93 Civ. 4001, 2004 WL 345551, at *9 (S.D.N.Y. Feb. 23, 2004) (precluding admission of new expert affidavits after the close of discovery), which are intended to give the opposing party adequate time to depose the expert on any material the expert will present as evidence and to

prepare for trial.  "[E]xperts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon [because] [i]f that were the case, there would never be any closure to expert discovery."  <u>Sandata Techs., Inc.</u>, 2007 WL 4157163 at *6 (precluding admission of supplemental expert reports).

       The Court has examined closely the proposed supplemental report.  Even if the proposed supplemental disclosure were sufficient to meet the standards of Federal Rule of Evidence 702 and <u>Daubert</u> – a proposition as to which the Court is not persuaded – there  is no justification for the untimely disclosure of the additional explanations and contextual information.  Considerations of judicial economy warrant preclusion of the Proposed Amended Supplemental Expert Report, as do concerns regarding the prejudicial effects on Defendants were the Court to admit into evidence the new report.

       As explained in the May 21, Order, the Court excluded Dr. Fischel's testimony because he had failed to proffer the analytical basis for his proposed 9.7% across the board reductions of stock inflation and damages calculations, and because he failed to proffer any analysis or methodology to address the issue of disaggregation from Plaintiffs' damages calculation the price inflation, if any, associated with Pharmacia statements for which the Court had held that Defendants are not liable.  The Order came long after the close of expert discovery, Dr. Fischel's delivery of two supplemental reports, and depositions and motion practice in which Dr. Fischel had been given opportunities to proffer the relevant analyses.  Indeed, in his deposition, Dr. Fischel disclaimed having made any analysis with respect to the impact of the excluded Pharmacia statements.

       Plaintiffs now proffer a third supplemental report by Dr. Fischel, representing that

the report has merely been augmented with explanations of his earlier opinions that Dr. Fischel had considered unnecessary to include in his earlier disclosures.  The new report continues to maintain that the 9.7% offsetting adjustments are required to ensure an accurate damages calculation, without offering any peer-reviewed analytical basis for the methodology.  (Proposed Amended. Supp. Rpt., ¶¶ 9, 18-23.)  In a new approach, Dr. Fischel offers, in the alternative, to drop the 9.7% across the board inflation adjustment in favor of advocating simple removal of inflation relating to specific excluded statements if the Court would allow him to testify to the calculations.  (Proposed Amended. Supp. Rpt., ¶¶ 24-25.)  The Court is not, however, an economist, and Dr. Fischel's offer to permit the Court to select which of two putatively valid inflation determination methodologies to present to the jury plainly demonstrates that the proffered testimony is not deserving of an "expert opinion" label.  The third supplemental's proffered damages analysis does not meet the standard of Rule 702.

Dr. Fischel, who previously disclaimed any separate analysis of the impact of the excluded Pharmacia statements and testified at his deposition that the jury would have to adjust his methodology in some unspecified way to disaggregate their effect from that of statements for which Defendants can be held liable, now claims that he had a different view all along.  In his Proposed Amended Supplemental Report, Dr. Fischel explains that he did not disaggregate the effect of the excluded Pharmacia statements because the Pharmacia statements had no statistically significant impact on Pfizer stock prices.  (Proposed Amended Supp. Rpt. ¶¶ 26-32.)  Even if this position is soundly grounded in reliable economic principles, this new disclosure is not insignificant and, because the defense did not have an opportunity to depose Dr. Fischel on it, admission of the new assertion would be unduly prejudicial to Defendants were the Court to

maintain the current trial schedule, or result in delays if its admission led the Court to reopen discovery. There is, in addition, no justification for Dr. Fischel's failure to present this aspect of his economic analysis at an earlier point in time.[1]

For these reasons, Plaintiffs' Motion for Leave to Submit Amended Supplemental Expert Report is denied.

Motion for Summary Judgment

Plaintiffs' failure to proffer admissible loss causation and damages evidence is fatal to Plaintiffs' claims. To prevail on a securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934, Plaintiffs must prove loss causation and damages. See, e.g., Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc., 552 U.S. 148, 157 (2007); 15 U.S.C. § 78u-4(b)(4). Without a loss causation expert, Plaintiffs cannot prove either. See In re Omnicom Grp., Inc. Sec. Litig., 541 F. Supp. 2d 546, 554-55 (S.D.N.Y. 2007) (finding that there would be "no way for a juror to determine whether the alleged fraud caused Plaintiff's loss" without adequate expert testimony), aff'd, 597 F.3d 501 (2d Cir. 2010); In re Warner Commcn's Sec. Litig., 618 F. Supp. 735, 744 (S.D.N.Y. 1985) ("expert testimony would be needed to fix not only the amount, but the existence, of actual damages"), aff'd, 798 F. 2d 35 (2d Cir. 1986). Defendants are therefore entitled to summary judgment as a matter of law, and Plaintiffs' claims are dismissed in their entirety.

---

[1] Plaintiffs also argue that they are not, as a matter of law, required to disaggregate the impact of statements by Pharmacia regarding the relevant drugs from the larger number of statements by Pfizer regarding the same drugs. Defendants argue that it is Plaintiffs' burden to disaggregate all causative factors. It is unnecessary for the Court to resolve this dispute, since the damages analyses on which it centers are neither timely proffered nor sufficient to meet Rule 702 requirements.

Conclusion

Plaintiffs' motion to for leave to amend their damages expert report (docket entry no. 665) is denied, and Defendants' motion for summary judgment (docket entry no. 667) is granted.  The Clerk of Court is requested to terminate docket entries 514, 515, 516, 517, 518, 519, 520, 522, 523, 526, 533, 541, 545, 547, 549, 551, 553, 555, 556, 562, and 566 and to enter judgment in Defendants' favor in the following member cases of consolidated action 04-CV-9866-LTS-HBP and multidistrict litigation 05-MD-1688: 04-CV-9866-LTS-HBP, 04-CV-9967-LTS, 04-CV-10001-LTS, 04-CV-10071-LTS-HBP, 04-CV-10075-LTS, 04-CV-10085-LTS, 04-CV-10096-LTS, 04-CV-10098-LTS, 04-CV-100118-LTS, 04-CV-10141-LTS, 04-CV-10224-LTS, 04-CV-10257-LTS, 04-CV-10296-LTS, 05-CV-00051-LTS, 05-CV-0125-LTS, 05-CV-0735, 05-CV-0983-LTS, 05-CV-1308-LTS, 05-CV-1920-LTS, 05-CV-2017-LTS, 05-CV-2076-LTS, 05-CV-2510-LTS, 05-CV-2874-LTS, 05-CV-5715-LTS, 05-CV-5716-LTS, 05-CV-5717-LTS, 05-CV-5719-LTS, 05-CV-5720-LTS, 05-CV-5721-LTS, 05-CV-6327-LTS, and 12-CV-4536-LTS.

The Clerk of Court is further requested to close the referenced cases.

SO ORDERED.

Dated: New York, New York
       July 8, 2014

                                                         /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge